Filed 3/10/15  P. v. Zhu CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CUI QUN ZHU,<br><br>    Defendant and Appellant. | A139987<br><br>(San Francisco County<br>Super. Ct. No. 219608) |

Appellant Cui Qun Zhu challenges her convictions for extortion and attempted extortion.  We affirm.

BACKGROUND

Appellant was convicted after a jury trial of two counts of extortion (Pen. Code, § 518),[1] two counts of conspiracy to commit extortion (§§ 182, subd. (a)(1), 518), petty theft (§§ 484, subd. (a), 488), grand theft (§ 487, subd. (a)), and conspiracy to obtain money or property by false pretenses (§ 182, subd. (a)(4)).

We recite only the facts relevant to this appeal.  Appellant and two associates convinced their victims that ghosts or spirits would physically harm family members unless the victims brought money and valuables in a bag to be blessed.  The victims did so, handing bags containing money and valuables to appellant's associate for the blessing.  After the bags were returned to the victims and appellant and her associates had left, the victims realized their money and valuables were missing.

_____

[1] All undesignated section references are to the Penal Code.

DISCUSSION

"Extortion is the obtaining of property from another, with his consent, . . . induced by a wrongful use of force or fear . . . ." (§ 518.) "[T]he elements of the offense are: (1) A wrongful use of force or fear, (2) with the specific intent of inducing the victim to consent to the defendant's obtaining his or her property, (3) which does in fact induce such consent and results in the defendant's obtaining property from the victim." (*People v. Hesslink* (1985) 167 Cal.App.3d 781, 789.)

Appellant's sole challenge on appeal is the evidence was insufficient to support the extortion convictions because the victims did not consent to the permanent taking or title transfer of their property. It is undisputed that the victims, as a result of the threats of injury to their family members, consented to give appellant's associate physical possession of their property. It is also undisputed that the victims consented only to a temporary physical possession and did not consent to transfer ownership or title of the property. Appellant argues this consent is insufficient to constitute extortion. We disagree.

Appellant cites no authority for the proposition that, to constitute extortion, a victim must consent to provide the extorter with permanent possession of and/or title to the property.[2] Indeed, there is authority to the contrary. In *People v. Peck* (1919) 43 Cal.App. 638 (*Peck*), the defendant held a gun to the victim's face and threatened his life. (*Id.* at p. 641.) The defendant then demanded the victim deliver money to the defendant "as 'a forfeit'—that is, as a guaranty that [the victim] would not institute criminal proceedings against [the defendant] for the assault the latter made upon him with a deadly weapon." (*Id.* at p. 645.) The victim consented with the understanding that the money was "to be returned to him if he did not prosecute [the defendant]." (*Id.* at p. 646.) The Court of Appeal found this evidence supported a finding "that the money was obtained by the defendant from [the victim] with the latter's consent." (*Id.* at p. 644.) The fact that

_____

[2] In contrast, cases have held the transfer of title is required for other property crimes. (See, e.g., *People v. Williams* (2013) 57 Cal.4th 776, 788 ["theft by false pretenses involves the *consensual* transfer of possession as well as *title* of property"].)

2

the victim consented only to the defendant's temporary physical possession of his property did not preclude a conviction for extortion. Although *Peck* issued in 1919, appellant does not question its continued validity. Moreover, the case has been relied upon for this proposition in recent years. (See *People v. Torres* (1995) 33 Cal.App.4th 37, 50 [extortion does not require "a specific intent to permanently deprive the victim of the property," citing *Peck*].)

*Peck* is also consistent with modern cases interpreting "property" for purposes of the extortion statute to include a wide range of property rights. "[A] broad interpretation is appropriate when construing the term 'property' for purposes of extortion." (*People v. Kozlowski* (2002) 96 Cal.App.4th 853, 866 (*Kozlowski*).) "Cases and statutes define the term 'property' in the context of theft-based offenses as the exclusive right to use or possess a thing or the exclusive ownership of a thing. [Citations.] The term is all-embracing, including every intangible benefit and prerogative susceptible of possession or disposition. [Citation.] The right to own property implies the right to possess or use a thing to the exclusion of others." (*Ibid.*)

*Kozlowski* held a personal identification number (PIN) for a bank card constituted property for purposes of the extortion statute because "when [the defendants] compelled [the victims] to reveal their PIN codes, that knowledge destroyed the intangible benefit of being able to control access to the bank accounts. The intangible property taken—the PIN codes—were the means to obtain the more tangible property—the bank funds—contained in those accounts." (*Kozlowski, supra,* 96 Cal.App.4th at p. 869.) *Kozlowski* relied in part on a case holding that the making of an unauthorized house key constituted theft, which reasoned that "[e]ven if the victim retains other copies of the key, the defendant's unauthorized possession of the stolen key impairs the victim's right of ownership—the exclusive possession and use—of the house." (*Id.* at p. 868 [discussing *People v. Kwok* (1998) 63 Cal.App.4th 1236].)

As in *Kozlowski*, the victims consented to being deprived, albeit temporarily, of a significant property right: here, the right to exclusive physical possession of their personal property. This is sufficient for purposes of extortion. We disagree with

3

appellant's contention that our conclusion will "eviscerate[] the consent element." The property right of exclusive physical possession is a significant one precisely because a transfer of physical possession—even a temporary one—can facilitate theft. It seems unlikely that people hand over bags of money and valuables to strangers, even with the caveat that they retain title to the property and expect it to be returned.

## DISPOSITION

The judgment is affirmed.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.